# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:11-CR-00384-FDW

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JOHN WILLIAM ABRAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motions for Compassionate Release/Reduction of Sentence. (Doc. Nos. 351, 368). Defendant is represented by counsel. The Government responded in opposition to the motion, (Doc. Nos. 356, 371), and Defendant filed a Reply. (Doc. No. 372). For the reasons that follow, the Court DENIES Defendant's motions.

## I. BACKGROUND

Between March 2010 and December 2011, Defendant supplied crack cocaine to members of a drug-trafficking conspiracy that operated in Gaston and Mecklenburg Counties, North Carolina. (Doc. No. 186). Through telephone conversations, Defendant arranged for drug transactions with the leader of the conspiracy, involving a total of 210 grams of crack cocaine. Id. Police also conducted three controlled buys of crack and cocaine from Defendant in January 2011. Id. In November 2011, police searched Defendant's home and found more than 61 grams of crack cocaine, a shotgun, ammunition, and evidence that Defendant had been converting powder cocaine into crack cocaine. Id.

At the time Defendant participated in this conspiracy, he was approximately twenty-four years old and had previously been convicted of seven felony drug offenses, including six drug trafficking offenses; three felony firearm offenses; and assault with a deadly weapon on a

1

government official. Id. Defendant had received multiple sentences of more than one year in prison, and after serving a consolidated custodial sentence, his probation was revoked. Id.

A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute at least 280 grams of crack cocaine, 21 U.S.C. § 846; and using a communication facility to commit the conspiracy offense, 21 U.S.C. § 843. Id., Doc. No. 3. Defendant entered into a plea agreement with the United States, wherein he pled guilty to one count of conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846. (Doc. Nos. 119, 120).

The Presentence Report ("PSR") attributed 277.99 grams of crack cocaine to Defendant and calculated his guidelines level as: base level 30; plus a two-level enhancement for possession of a firearm and a two-level enhancement for maintaining a residence for distributing drugs. (Doc. No. 186). The PSR also indicated Defendant had at least two qualifying prior convictions to trigger the then-mandatory career-offender enhancement under U.S.S.G. § 4B1.2. (Doc. No. 186, p. 12). With a three-level reduction for acceptance of responsibility, Defendant had a total offense level of 31. Id. That offense level, combined with the then-mandated criminal history category of VI based on his career offender status, resulted in a guidelines range of 188 to 235 months. Id. Without the career offender enhancement, Defendant had a criminal history score of 8, which equated to a criminal history category of IV. (Doc. No. 186, p. 27). The Court sentenced Defendant to 188 months. (Doc. No. 207). While in BOP custody. Defendant has not received any disciplinary citations and has completed approximately twenty-nine educational courses or work assignments. (Doc. Nos. 293; 368-1). Defendant now seeks a reduction to a sentence to 148 months, or "time served," and argues that if he were sentenced today, his guideline range would

be 121 to 151 months of which he has already served approximately 155 months in the Bureau of Prisons ("BOP"). (Doc. No. 368).

## II. STANDARD OF REVIEW

Section 603(b) of The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of his sentence from the court for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023). First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds "extraordinary and compelling reasons warrant such a reduction."" Id. (quoting § 3582(c)(1)(A)(i); citing United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021)). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A); citing Kibble, 992 F.3d

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

at 331.  Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Here, the record is clear Defendant exhausted his administrative remedies, (Doc. No. 351); thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release in light of the applicable § 3553(a) factors.

### III.  ANALYSIS

Defendant contends the fact that he would not be a career offender if sentenced today results in an unwarranted sentence disparity that constitutes an extraordinary and compelling reason for compassionate release.  Defendant argues the § 3553(a) factors counsel in favor of a reduction to a sentence of time served, particularly given his post-sentencing rehabilitation and his strong family and community support.  The Government disagrees and argues Defendant's lower advisory guideline range if he were sentenced today does not rise to the level of "extraordinary

and compelling," and even if it did, the sentencing considerations described in 18 U.S.C. § 3553(a) do not support a sentence of time served.

The Fourth Circuit has recognized that "gross" or "exceptionally dramatic" sentencing disparities between a sentence under the prior law and the current law *can* constitute "extraordinary and compelling reasons," to warrant a reduction in a sentence as imposed. United States v. McCoy, 981 F.3d 271, 274-75, 285, 288 (4th Cir. 2020) ("[T]he *enormous* disparity between [the original] sentence and the sentence a defendant would receive today *can* constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A). (Emphasis added.)); see also United States v. Reams, No. 1:14-CR-426-1, 2022 WL 2834341, at *4 (M.D.N.C. July 20, 2022) ("A change in sentencing law alone does not compel compassionate release." (citing McCoy, 981 F.3d at 286)), appeal dismissed, No. 22-6957, 2022 WL 18716532 (4th Cir. Nov. 16, 2022). There is no bright line rule or formulaic approach to determine what "disparity" between sentences must exist in order to be considered "extraordinary and compelling," and courts instead look to a defendant's individualized circumstances. See United States v. Johnson, No. 2:08-CR-00930-DCN-7, 2023 WL 24129, at *4 (D.S.C. Jan. 3, 2023) ("[D]istrict courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today." (citing United States v. Hallman, 2022 WL 4477710, at *3 (W.D.N.C. Sept. 26, 2022) (holding that even though the defendant would no longer be classified as a career offender, the sentencing disparity [between the original 360 months to life and the current range of 161 and 180 months] did not amount to an extraordinary and compelling reason because his criminal history "would likely have warranted an upward variance"); United States v. Massey, 2021 WL 4233886, at *4 (W.D.N.C. Sept. 16, 2021) (explaining that even though Hobbs Act robbery was no longer categorized as a crime of

5

violence, the defendant's sentencing disparity [between the original range of 110 and 137 months and the current range of 70 and 87 months] was not so drastic that compassionate release was warranted); see also United States v. Crumitie, No. 1:06-CR-271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (recognizing that although the defendant would not be considered a career offender and a within-guidelines sentence would be "substantially shorter" if the defendant were sentenced today, that is "only one possible hypothetical result" in light of the plea agreement, the potential for the court to not impose a middle-of-the-range sentence, the violent crime committed by the defendant, and his "long criminal history of assaults and robberies").

As a starting point, the change in intervening law and guidelines on which Defendant relies were not made retroactive and therefore have no effect on the *validity* of his career offender designation. Nevertheless, the record and applicable law indicate that if sentenced today, Defendant would not be classified as a career offender[2] and his advisory guidelines range would be 121 to 151 months, which results in a sentencing disparity of 67 months at the bottom of the ranges. The Court concludes this fails to rise to the level of "extraordinary and compelling" based on an individualized analysis of Defendant's circumstances and the record in this case.

Although Defendant was in his mid-twenties when he committed the instant offense, he had already accumulated a lengthy list of criminal convictions, including seven felony drug offenses (six of which were drug-trafficking offenses), three felony firearm offenses, and an assault with a deadline weapon on a government official offense. Defendant committed some of these offenses while on probation from prior offenses, (Doc. No. 186), and at the time of his arrest, officers recovered a shotgun and ammunition in Defendant's bedroom with the firearm being in

---

[2] Defendant argues—and the Government does not contest—his conviction for conspiracy to distribute crack cocaine under 21 U.S.C. §§ 841, 846 can no longer serve as a predicate career offender offense under United States v. Norman, 935 F.3d 232 (4th Cir. 2019), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

6

the same closet as the largest quantity of crack cocaine attributable to Defendant. (Doc. No. 220, p. 9). Furthermore, Defendant benefited from a plea agreement in this case. See United States v. Bond, 56 F.4th 381, 384–85 (4th Cir. 2023) (noting that considering the parties' plea agreement can be an appropriate consideration in evaluating § 3582(c)(1)(A) motions). During the plea hearing, the Government represented, "[A]s long as this plea goes through today, there's not going to be any 851 notice filed" regarding a prior drug felony conviction that could have significantly enhanced the sentence Defendant faced. (Doc. No. 219, p. 5). During sentencing, defense counsel sought a downward variance to 120 months based on—among other things—Defendant's young age, circumstances of his childhood and family situation, and an argument that Defendant's career offender status overstated his criminal history. (Doc. No. 220). In declining to grant a variance or departure, the Court noted that Defendant's history indicated he "stood up many times before other judges before me and . . . apologized for [his] criminal conduct and then [he would] turn around and committed more criminal conduct." (Doc. No. 220, p. 51). The Court also stated, "[I]f you take away your career offender from your Sentencing Guidelines, it wouldn't change your offense level, you'd still have the same offense level, it would change your Criminal History Category . . . but the Guideline ranges actually overlap" with 188 to 235 months and 151 to 188 months. Id. at p. 52. The Court imposed a sentence of 188 months and explicitly rejected Defendant's proposed sentence of 120 months as being "not justified in this record" notwithstanding "the career offender status . . . seemed to be a little tough on this Defendant." Id. at p. 55-56. To be clear, the Court explained it would impose the same 188-month sentence even "if I had stricken career offender." Id. at p. 52. Because the Court considered imposing a sentence notwithstanding Defendant's career offender status, the Court finds the individualized circumstances here and the sentencing disparity created by the fact Defendant would not be a

7

career offender if sentenced today fail to constitute extraordinary and compelling reasons to reduce Defendant's sentence to time served.

Even if "extraordinary and compelling reasons" existed, the Court concludes that while Defendant is making remarkable progress while incarcerated, consideration of the applicable § 3553(a) factors counsel against a sentence of time served under this record.  With respect to Defendant's efforts at rehabilitation, the Fourth Circuit has held that district courts must provide an individualized explanation for denying relief when the defendant presents evidence of post-sentencing rehabilitation.  High, 997 F.3d at 189-90 ("[A]s Chavez-Meza makes plain, there are cases in which a minimal explanation suffices, while in other cases, more explanation may be necessary." (citing Chavez-Meza v. United States, 138 S. Ct. 1959 (2018)).  In High, the Fourth Circuit affirmed the denial of a motion for compassionate release notwithstanding the defendant's post-sentencing rehabilitation evidence, which included the fact the defendant "had not received *any* disciplinary infractions" during his approximate one and a half years in prison.  997 F.3d at 190 (emphasis added); cf. United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021) (requiring additional explanation of district court's reasons for rejecting nearly two decades of prison programming and rehabilitative efforts).  Here, the Court acknowledges Defendant has completed approximately 29 educations or work courses during the approximate twelve years he has been imprisoned.  The Court specifically commends Defendant for earning his GED, for completing drug-abuse treatment, and for not receiving *any* disciplinary infractions while incarcerated.  28 U.S.C. § 994(t) (emphasis added).  Defendant's clear disciplinary record during the past twelve years suggests he has improved his respect for the law; however, "a defendant's compliance with prison rules is a minimum expectation of incarceration, not an extraordinary circumstance." United States v. Artis, No. 3:13-CR-218-MOC-DSC-1, 2023 WL 2469029, at *4 (W.D.N.C. Mar.

8

10, 2023). Furthermore, Congress has made clear that "rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason" for a modification under section 18 U.S.C. § 3582(c)(1)(A). The Court concludes Defendant's rehabilitation efforts and support from his family, both of which weigh favorable to him, fail to justify a sentence of time served under this record.

The record, including several facts discussed in the "extraordinary and compelling" analysis above,[3] does not favor a reduction in Defendant's sentence to time served. Pursuant to a negotiated plea agreement, Defendant pled guilty to the instant offense involving a large quantity of drugs and a firearm. Defendant has a long criminal history, and nothing appears to have deterred him from stopping his criminal conduct, which suggests a high risk of recidivism. Importantly, several of these prior convictions involved illegal possession of firearms. The parties discussed the effect of the career offender enhancement on Defendant's guidelines at the sentencing hearing, and the Court concluded Defendant's criminal history, among other things, warranted a sentence of 188 months notwithstanding the career offender status. The record in this case, need to reflect the seriousness of the offense, need to provide just punishment, need for adequate deterrence, and need to protect the public outweigh Defendant's positive and meaningful rehabilitation efforts and counsel against a sentence of time served.

### IV. CONCLUSION

In addressing changes created by Congress as a result of the First Step Act, the Supreme Court has reiterated the wide discretion afforded to district judges in sentencing and in considering motions for sentence modification. "Put simply, the First Step Act does not require a district court

---

[3] United States v. Reams, No. 1:14-CR-426-1, 2022 WL 2834341, at *3 (M.D.N.C. July 20, 2022) (recognizing that when evaluating "extraordinary and compelling reasons and the § 3553(a), the "facts relevant to these requirements overlap a fair bit."), appeal dismissed, No. 22-6957, 2022 WL 18716532 (4th Cir. Nov. 16, 2022)

to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief. . . . All that is required is for a district court to demonstrate that it has considered the arguments before it." Concepcion v. United States, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2404–05 (2022).  As my colleague in the Middle District of North Carolina so eloquently summarized:

> The compassionate release statute is appropriately invoked only in unusual cases or, as the Fourth Circuit put in in McCoy, the "most grievous cases." 981 F.3d at 286.  It should not become a vehicle for wholesale and repeated reconsideration of sentences in violation of the general rule of finality. See [United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010)].

Crumitie, No. 1:06-CR-271, 2022 WL 1809312, at *5; see also Concepcion, 142 S. Ct. at 2406 ("The finality of criminal judgments is essential to the operation of the criminal justice system." (Kavanaugh, J. dissenting)).

In this case, the Court considered the *advisory* Guidelines range as if Defendant was—and was not—a career offender, see United States v. Booker, 543 U.S. 220, 245 (2005), and determined a 188-month sentence to be appropriate.  While changes in sentencing law mean Defendant would have a different *advisory* guideline range today and despite Defendant's very successful progress towards rehabilitation while in the Bureau of Prisons, consideration of the § 3553(a) factors do not support release.  Under the current record, the sentence as imposed remains sufficient, but not greater than necessary, to advance the goals of sentencing set forth in § 3553(a).

**IT IS, THEREFORE, ORDERED** that Defendant's Motions for Compassionate Release/Reduction of Sentence, (Doc. Nos. 351, 368), are DENIED.

**IT IS SO ORDERED.**     Signed: May 11, 2023

_____
Frank D. Whitney
United States District Judge